**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID A. CIEMPA,              ) | |
| )| |
| Petitioner,              ) | |
| ) | |
| v.                                              ) | Case No. 08-CV-0119-CVE-FHM |
| ) | |
| WALTER DINWIDDIE, Warden,   ) | |
| ) | |
| Respondent.              ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 6). Petitioner filed a response (Dkt. # 7) to the motion. For the reasons discussed below, the Court finds Respondent's motion should be granted. Grounds 1, 2, 3, 5, 7, and 9 should be dismissed without prejudice for failure to exhaust state judicial remedies; grounds 4, 6, and 8 should be dismissed without prejudice for failure to exhaust administrative remedies.

*BACKGROUND*

In his petition (Dkt. # 1), construed by the Court as a 28 U.S.C. § 2241 petition for writ of habeas corpus, see Dkt. # 4, Petitioner alleges that his rights to due process and to access the courts were denied throughout his attempts to challenge a finding of misconduct entered after a disciplinary hearing and resulting in the revocation of 365 days of earned credits. The limited record provided by the parties demonstrates that at a disciplinary hearing, held July 6, 2006, Petitioner was found guilty of menacing. See Dkt. # 6, Ex. 3. The Disciplinary Hearing Report reflects that "I/M refuse to attend disciplinary hearing." Id. The Report was reviewed and approved by the facility head on July 6, 2006. Id. Petitioner concedes that he did not appeal the misconduct to the Director of the

Department of Corrections ("DOC"), as provided by disciplinary procedures. See Dkt. # 7 at ¶ 1. Instead, he submitted a separate grievance, allegedly raising challenges to the investigation and his refusal to attend the hearing, which went unanswered. See id. at ¶ 2.

On October 5, 2006, Petitioner filed an application for judicial review in Oklahoma County District Court, Case No CJ-2006-8226. See Dkt. # 6, Ex. 5 (docket sheet). The DOC filed an answer and a special report on February 16, 2007. Id. On April 18, 2007, the district court entered a Journal Entry of Judgment (Dkt. # 6, Ex. 4), denying the petition and dismissing the case in its entirety. The state district court reviewed the law and the relevant facts and ruled as follows:

> The records submitted demonstrate that Petitioner received advance written notice of his charge, the opportunity to present witness testimony and documentary evidence, a written statement of the reasons for the finding of his guilt, and a written statement of the reasons for the punishment imposed. "Some" evidence, (letter to staff member Michelle Watts, staff member's statement regarding the incident), supported the finding that Petitioner was guilty. The disciplinary hearing officer was not an employee who was involved in bringing the charge, and Petitioner failed to demonstrate that the hearing officer was biased in any manner. Therefore, all the due process factors set forth in 57 O.S. § 564.1 were afforded to Petitioner, and his action should be dismissed on these grounds.
> Furthermore, the evidence presented indicates that Petitioner failed to properly complete the appeals process prior to filing this action. Title 57 O.S.Supp. 2005 § 566(A)(1) requires a prisoner initiating any action in court against "any person, party or entity, the state, the Department of Corrections, another state agency, or political subdivision . . ." to demonstrate that he has fully and properly exhausted his administrative remedies. Because Petitioner had a disciplinary appeal available to him and he waived the appeal process, he failed to exhaust his administrative remedies. Thus, his Petition also should be dismissed pursuant to 57 O.S.Supp. 2005 § 566(A)(1).

Dkt. # 6, Ex. 4 at 3. On September 13, 2007, Petitioner filed a "belated motion for new trial" in the state district court. See Dkt. # 6, Ex. 5 (docket sheet). That motion was denied on October 2, 2007. Id. On October 9, 2007, Petitioner filed a notice of intent to appeal. On February 11, 2008, in No.

MA-2007-1256, the Oklahoma Court of Criminal Appeals ("OCCA") dismissed the appeal as untimely, finding as follows:

> Appellant has failed to timely file this matter. He did not file this matter within thirty days from the District Court's final order issued April 17, 2007, as required by post-conviction and extraordinary writ procedures. Rules 5.2(C)(2) and 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008). Appellant didn't even file his petition in error in this matter within ninety days of the District Court's final order, as required in regular appeals. Rule 3.1(C), *Rules, supra*. Appellant's motion for new trial filed in the District Court did not stay appeal proceedings or absolve Appellant from the duty to file this appeal within the time provided by law. Rule 2.1(A)(1), *Rules, supra*. Therefore the above-styled appeal should be, and is hereby, **DISMISSED**.

(Dkt. # 6, Ex. 6). Petitioner did not seek an appeal out of time as provided under Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*.

Petitioner commenced this federal habeas action on March 3, 2008. See Dkt. # 1. He asserts nine (9) grounds of error, which the Court summarizes as follows: (1) Petitioner did not receive the state district court's order, filed April 18, 2007, until August 29, 2007, resulting in violations of his rights to due process and to access the courts; (2) the OCCA and the state district court refused to take judicial notice of DCCC-030117-01, as to his allegation regarding receipt of the state district court's Journal Entry of Judgment, resulting in violations of his rights to due process and to access the courts; (3) the OCCA's adoption and application of rules governing timing of appeals from district court orders resulted in violations of his rights to due process and to access the courts; (4) Petitioner did not receive the Administrative Review Authority's ("ARA") notice, dated September 1, 2006, that he had improperly submitted a grievance until the second or third week of February 2007, resulting in violations of his rights to due process and to access the courts; (5) the OCCA and the state district court refused to take judicial notice of DCCC-030117-01, as to his allegation regarding receipt of the ARA's notice, resulting in violations of his rights to due process and to

3

access the courts; (6) Internal Affairs repeatedly denied Petitioner's requests for an investigation of his allegations concerning the underlying charge of menacing, resulting in a violation of his right to due process; (7) neither the OCCA nor the state district court directed DOC to furnish an explanation for its repeated denials of his requests for an investigation, resulting in a violation of his right to due process; (8) the "Incident Report" proffered by DOC did not reflect that Petitioner had voluntarily waived his opportunity to attend the disciplinary hearing, resulting in a violation of his right to due process; and (9) state district court's finding of fact that Petitioner waived his right to be heard at the disciplinary hearing resulted in a violation of his right to due process. To aid in analysis, the Court shall divide Petitioner's claims into two (2) groups: claims based on rulings by the state courts (grounds 1, 2, 3, 5, 7, and 9), and claims based on administrative review (grounds 4, 6, and 8).

## *ANALYSIS*

### A. Claims challenging state court rulings

A prisoner seeking relief under § 2241 must exhaust state remedies. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. Cf. 28 U.S.C. § 2254 (b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988); Wallace v. Duckworth, 778 F.2d 1215, 1219 (7th Cir. 1985); Davis v. Wyrick, 766 F.2d 1197, 1204 (8th Cir. 1985), cert. denied, 475 U.S. 1020 (1986). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris

v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In this case, Petitioner's due process and access to courts claims arise from his allegation that he was denied an appeal through no fault of his own because he failed to receive the state district court's order denying his application for judicial review until it was too late to file a timely appeal. Petitioner has not presented those claims to the state courts and he has an available remedy: to seek an appeal out of time in the state district court. See Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals* (providing general procedures for obtaining an appeal out of time). Therefore, the Court finds Petitioner's claims asserted in grounds 1, 2, 3, 5, 7, and 9 are unexhausted and his petition must be dismissed without prejudice.

**B. Claims challenging administrative rulings**

In grounds 4, 6, and 8, Petitioner challenges actions by DOC officials related to the investigation and administrative review of the incident giving rise to the misconduct. In Dulworth v. Evans, 442 F.3d 1265 (10th Cir. 2006), the Tenth Circuit Court of Appeals, in applying a one-year limitations period to § 2241 claims, acknowledged the general requirement that a petitioner under § 2241 must exhaust available state remedies. Id. at 1269 (citing Montez, 208 F.3d at 866). The requirement includes the exhaustion of administrative remedies as well as judicial remedies. Id. (citing Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Moore v. Olson, 368 F.3d 757, 758 (7th Cir. 2004); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

In this case, Petitioner acknowledges that he did not appeal the misconduct ruling to the Director as required by DOC's procedural rules. See Dkt. # 7 at ¶ 1. He claims, however, that because of his "alleged refusal to attend the disciplinary hearing, [he] had no recourse to an appeal to the warden and then to the Director as well as a process to seek permission to file an administrative appeal out of time." Id. (emphasis in original). Petitioner is correct that disciplinary procedural rules provide that when "the offender refuses to attend the hearing, it will be documented and the disciplinary officer will impose discipline without a hearing, as the refusal to attend constitutes a waiver by the offender to [sic] an opportunity for a hearing or an appeal." See OP-060125(IV)(C)(3). Thus, if Petitioner refused to attend the disciplinary hearing, as indicated on the Disciplinary Hearing Report, see Dkt. # 6, Ex. 3, and as determined as a matter of fact by the state district court, see Dkt. # 6, Ex. 4, he waived his appeal. Petitioner cannot, however, assert that administrative remedies became unavailable because he waived an appeal when he refused to attend the hearing and at the same time assert that he did not refuse to attend the hearing. Stated another way, Petitioner wants to challenge DOC's assertion that he refused to attend the disciplinary hearing yet use the refusal to avoid compliance with DOC's administrative procedures. Petitioner cannot have it both ways.

The Court finds that Petitioner failed to appeal his misconduct to the DOC Director and, as a result, has failed to exhaust administrative remedies. He has an available remedy: to request an administrative appeal out of time. See OP-060125(VI). His grounds 4, 6, and 8 shall be dismissed without prejudice for failure to exhaust administrative remedies.

## *CONCLUSION*

Petitioner failed to follow proper procedures when attempting to exhaust state judicial and administrative remedies. Judicial and administrative remedies are available for his 28 U.S.C. § 2241 habeas corpus claims, and those remedies must be exhausted before seeking federal habeas corpus relief. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 6) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust state judicial and administrative remedies.

**DATED** this 12th day of January, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT