# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID A. CIEMPA,          )
                               )
          Petitioner,      )
                               )
v.                            )     Case No. 08-CV-0119-CVE-FHM
                               )
WALTER DINWIDDIE, Warden,    )
                               )
          Respondent.     )

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In his petition, Petitioner alleged that his rights to due process and to access the courts were denied throughout his attempts to challenge a finding of misconduct entered after a disciplinary hearing and resulting in the revocation of 365 days of earned credits. By Opinion and Order entered January 12, 2009 (Dkt. # 11), the Court dismissed grounds 1, 2, 3, 5, 7, and 9 for failure to exhaust state judicial remedies and grounds 4, 6, and 8 for failure to exhaust administrative remedies. On March 30, 2009, Petitioner filed a motion to reopen as to grounds 4, 6, and 8. On April 3, 2009, he filed a motion to supplement/amend the motion to reopen (Dkt. # 14), requesting that he be allowed to correct a mistaken case citation contained in the motion to reopen. On April 7, 2009, Petitioner filed a "motion for independent action in equity" (Dkt. # 15).

### A. Preliminary considerations

In his motion to "supplement/amend" the motion to reopen (Dkt. # 14), Petitioner requests that he be allowed to replace one case citation in the motion to reopen with a citation to another case, Scott v. Gardner, 344 F. Supp. 2d 421 (S.D.N.Y. 2004).   The Court finds the motion to

"supplement/amend" should be granted.  The Court will consider the applicability of the <u>Scott</u> case cited by Petitioner in the motion to supplement/amend in resolving the motion to reopen.

The Court further finds that the relief requested in the "motion for independent action in equity"(Dkt. # 15) should be denied.  Petitioner in effect requests that the Court reopen the time to appeal from the Opinion and Order entered January 12, 2009. A request to reopen the time to appeal is governed by Rule 4(a)(6), *Federal Rules of Appellate Procedure*.  Under Rule 4(a)(6), the district court may reopen the time to file an appeal, but only if all of the following three (3) conditions are met: (A) the moving party did not receive the order sought to be appealed within 21 days after entry, (B) the motion is filed within 180 days after the judgment or order is entered, and (C) the court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6).  In this case, Petitioner has not demonstrated or claimed that he did not receive the Court's Opinion and Order, filed January 12, 2009, within 21 days after its entry.  As a result, the Court may not reopen the time to appeal the Opinion and Order.

**B.  Motion to reopen**

In his "motion to reopen" (Dkt. # 13), Petitioner cites Fed. R. Civ. P. 60(b) as authority for the relief he seeks.[1]  In its discretion, the Court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). Fed. R. Civ. P. 60(b). Petitioner states that it is his "ardent contention that the Respondent answered his original application with a *false answer*, when he represented to this Court that Petitioner had a process to seek permission to file an

---

[1]Because the allegation of fraud contained in Petitioner's Rule 60(b) motion attacks only a defect in the integrity of this federal habeas proceedings, the motion will be considered a true motion for relief from judgment that can be decided by this Court without prior authorization for a successive habeas petition. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 533 (2005); <u>Spitznas v. Boone</u>, 464 F.3d 1213 (10th Cir.2006).

administrative appeal out of time . . . ." (Dkt. # 13). To the extent Petitioner relies on Fed. R. Civ. P. 60(b)(3) as the basis for his request for relief from judgment, the Court finds Petitioner has failed to demonstrate entitlement to relief. In addition, none of the other grounds identified in Fed. R. Civ. P. 60(b) justifies reopening this matter. As a result, and as discussed in more detail below, the motion to reopen should be denied.

Petitioner seeks reconsideration of the Court's dismissal of grounds 4, 6, and 8, entered on the basis of Petitioner's failure to exhaust administrative remedies. Petitioner contends that grounds 4, 6, and 8 were improperly dismissed because administrative remedies were either unavailable or inadequate, and Respondent made false representations concerning the availability of a remedy, a request for an appeal out of time. See Dkt. # 13. In the Opinion and Order dismissing this action, the Court found, as to grounds 4, 6, and 8, as follows:

> Petitioner acknowledges that he did not appeal the misconduct ruling to the Director as required by DOC's procedural rules. See Dkt. # 7 at ¶ 1. He claims, however, that because of his "alleged refusal to attend the disciplinary hearing, [he] had no recourse to an appeal to the warden and then to the Director as well as a process to seek permission to file an administrative appeal out of time." Id. (emphasis in original). Petitioner is correct that disciplinary procedural rules provide that when "the offender refuses to attend the hearing, it will be documented and the disciplinary officer will impose discipline without a hearing, as the refusal to attend constitutes a waiver by the offender to [sic] an opportunity for a hearing or an appeal." See OP-060125(IV)(C)(3). Thus, if Petitioner refused to attend the disciplinary hearing, as indicated on the Disciplinary Hearing Report, see Dkt. # 6, Ex. 3, and as determined as a matter of fact by the state district court, see Dkt. # 6, Ex. 4, he waived his appeal. Petitioner cannot, however, assert that administrative remedies became unavailable because he waived an appeal when he refused to attend the hearing and at the same time assert that he did not refuse to attend the hearing. Stated another way, Petitioner wants to challenge DOC's assertion that he refused to attend the disciplinary hearing yet use the refusal to avoid compliance with DOC's administrative procedures. Petitioner cannot have it both ways.
>
> The Court finds that Petitioner failed to appeal his misconduct to the DOC Director and, as a result, has failed to exhaust administrative remedies. He has an available remedy: to request an administrative appeal out of time. See OP-

060125(VI).  His grounds 4, 6, and 8 shall be dismissed without prejudice for failure
to exhaust administrative remedies.

(Dkt. # 11 at 6). The ruling reflects that the Court was cognizant of the Department of Correction's

waiver policy and Petitioner's reliance on the policy in arguing that no administrative remedy was

available. However, as the Court explained, Petitioner could not argue that exhaustion was futile

because he had refused to attend the disciplinary hearing and at the same time argue that he did not

refuse to attend the disciplinary hearing.  Petitioner had not exhausted administrative remedies for

his challenge to his "alleged refusal to attend the disciplinary hearing." Until Petitioner actually

followed the procedure for seeking an appeal out of time and that appeal was acted on, he did not

know what the administrative appeal authority would do with his claim, and until the administrative

appeal authority had been given an opportunity to act, Petitioner had not exhausted his

administrative remedies.  In short, at the time of the dismissal of this action, Petitioner had not

shown that such an appeal would be futile.

In support of his request to reopen, Petitioner provides copies of administrative rulings

obtained after this action was dismissed. See Dkt. # 13, attachments. The fact that Petitioner's

request for an administrative appeal out of time was returned unanswered does not, however, entitle

Petitioner to relief from the Judgment entered in this action on January 12, 2009. Petitioner had not

exhausted administrative remedies when he commenced this action.  Although the Inmate/Offender

Grievance Process provides that grievances may not be submitted about matters that are in the

course of litigation, see OP-090124(II)(B)(2), separate rules govern department disciplinary

procedures, see OP-060125.  It does not appear that, under the rules governing disciplinary

procedures, see OP-060125(VI), counsel for Respondent mislead the Court when he indicated that

4

Petitioner had an available remedy.  As a result, the dismissal of grounds 4, 6, and 8 for failure to exhaust was appropriate.  Petitioner's motion to reopen should be denied.

As a final matter, the Court finds that the case cited by Petitioner in his motion to supplement the motion to reopen, Scott v. Gardner, 344 F. Supp. 2d 421 (S.D.N.Y. 2004), is not binding on this Court and is considered as persuasive authority only.  In Scott, a civil rights action, the district court considered and granted in part a Rule 60(b)(6) motion based on a supervening change in law which called into "serious question" the correctness of the court's judgment. The instant case, however, involves no supervening change in law.  As a result, the Court finds that the rational followed by the district court in Scott has no applicability to Petitioner's case.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Petitioner's "motion to supplement/amend Petitioner's motion to reopen" (Dkt. # 14) is **granted**.

2.    Petitioner's motion to reopen petition for writ of habeas corpus (Dkt. # 13) is **denied**.

3.    Petitioner's "motion for independent action in equity" (Dkt. # 15) is **denied**.

**DATED** this 23rd day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT